IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) Criminal No. 11-70 |
| v. | ) [UNDER SEAL]<br>) (18 U.S.C. §§ 371, |
| MIHAIL ISPER<br>COSTEL LEON IVANCENCO | ) 1029(a)(3), 1029(a)(4)<br>) and 1029(b)(1)) |

INDICTMENT

The grand jury charges:

COUNT ONE

THE CONSPIRACY AND ITS OBJECTS

From in and around December 2009, and continuing thereafter until in and around April 2010, in the Western District of Pennsylvania and elsewhere, the defendants, MIHAIL ISPER and COSTEL LEON IVANCENCO, knowingly and willfully did conspire, combine, confederate and agree together and with each other, and with other persons known to the Grand Jury as D.B and F.L, to commit offenses against the United States, that is

 a) Bank Fraud, in violation of Title 18, United States Code, Section 1344(1),

 b) Access Device Fraud, in violation of Title 18, United States Code, Section 1029(a)(3);

 c) Access Device Fraud, in violation of Title 18, United States Code, Section 1029(a)(4); and

 d) Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1).

## MANNER AND MEANS OF THE CONSPIRACY

1. It was a part of the conspiracy that the defendants, MIHAIL ISPER and COSTEL LEON IVANCENCO, did agree to a plan to commit financial crimes against financial institutions and their customers.

2. It was further a part of the conspiracy that the defendants, MIHAIL ISPER and COSTEL LEON IVANCENCO, then either unlawfully obtain, or unlawfully produce, an electronic device known as a "skimmer", which is designed to electronically capture, record, and store credit and debit card numbers contained on the magnetic strip on the reverse side of a credit or debit card (hereafter referred to as "track data"), as well as PIN information.

3. It was further a part of the conspiracy that the defendants, MIHAIL ISPER, COSTEL LEON IVANCENCO, and D.B , then surreptitiously install, and attempt to install, the skimmer onto ATM(s) at PNC Bank branch locations in Western Pennsylvania and elsewhere, in order to illegally "skim" track data and PIN information, off the magnetic strips of bank credit and debit cards when customers used the ATM to perform account transactions

4. It was further a part of the conspiracy that the defendants, MIHAIL ISPER, COSTEL LEON IVANCENCO, and D B., then retrieve the stolen track data and PIN, which was then transferred and downloaded onto computer software, or other electronic storage device.

5.   It was further a part of the conspiracy that the defendants, MIHAIL ISPER, COSTEL LEON IVANCENCO, and D.B., along with persons both known and unknown to the Grand Jury, then produce, and did cause the production of counterfeited plastic cards in the shape and form of credit or debit cards, which did contain the unlawfully skimmed track data.

6.   It was further a part of the conspiracy that the defendants, MIHAIL ISPER, COSTEL LEON IVANCENCO, and D.B., along with persons both known and unknown to the Grand Jury, then use the reproduced counterfeited plastic cards and PIN information to withdraw, or to cause the withdrawal of, cash belonging to PNC or other bank customers from ATM locations in Washington, D.C., and New York City, in April and May 2010.

OVERT ACTS

In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendants, MIHAIL ISPER, COSTEL LEON IVANCENCO, and D.B., along with other persons both known and unknown to the Grand Jury, did commit and cause to be committed, the following overt acts, among others, in the Western District of Pennsylvania and elsewhere:

a)   On or about April 7, 2010, the defendant, COSTEL LEON IVANCENCO, and D.B., did travel from Fort Lauderdale, Florida, on *AirTran*, Flight No. 1223, for the purpose of committing ATM skimming along with the defendant, MIHAIL ISPER, and D.B., at banks in Western Pennsylvania.

b)   On or about April 8, 2010, the defendant, MIHAIL ISPER, did travel from Fort Lauderdale, Florida, aboard *Air*Tran, Flight No. 1223, to Pittsburgh, Pennsylvania for the purpose of committing ATM skimming along with the defendant, COSTEL LEON IVANCENCO, and D.B. at banks in Western Pennsylvania

c)   On or about the following dates, at the following ATM locations in Western Pennsylvania and elsewhere, the defendants MIHAIL ISPER, COSTEL LEON IVANCENCO, and D.B., did install, and did attempt to install, a skimmer at ATM locations for the purpose of unlawfully skimming track data and stealing PIN information:

| Date | Bank ATM | Location |
| --- | --- | --- |
| April 10, 2010 | PNC | Anchor Drive, Harmar Twp. |
| April 11, 2010 | PNC | Anchor Drive, Harmar Twp. |
| April 12, 2010 | PNC | Waterworks Plaza Drive |
| April 13, 2010 | PNC | Waterworks Place Drive |
| April 14, 2010 | PNC | Anchor Drive, Harmar Twp. |

d)   On or about April 12, 2010, the defendant, MIHAIL ISPER, did insert, and attempt to insert, a test card into a PNC ATM in Waterworks Plaza.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

The grand jury further charges:

From on or about April 10, 2010, until on or about May 5, 2010, in the Western District of Pennsylvania and elsewhere, the defendants, MIHAIL ISPER and COSTEL LEON IVANCENCO, did knowingly and with the intent to defraud, possess fifteen (15) or more devices which were counterfeited and unauthorized access devices, specifically, the defendants did possess fifteen (15) or more unauthorized bank account numbers belonging to customers of PNC or other financial institutions, which numbers can be used alone, or in conjunction with another access device, to obtain money or property, said offense affecting interstate commerce.

In violation of Title 18, United States Code, Section 1029(a)(3).

## COUNT THREE

The grand jury further charges:

From on or about April 11, 2010, until on or about April 14, 2011, in the Western District of Pennsylvania, the defendants, MIHAIL ISPER and COSTEL LEON IVANCENCO, did knowingly and with intent to defraud, produce, traffic in, have custody and control of, and possess device-making equipment, to wit, the defendants did possess an ATM skimmer, which equipment was designed or primarily used for making an access device or a counterfeited access device, said offense affecting interstate commerce.

In violation of Title 18, United States Code, Section 1029(a)(4).

## COUNT FOUR

The grand jury further charges:

From on or about April 11, 2010, until on or about May 5, 2010, in the Western District of Pennsylvania and elsewhere, the defendants, MIHAIL ISPER, and COSTEL LEON IVANCENCO, did attempt to possess 15 or more counterfeit or unauthorized access devices in violation of Title 18, United States Code, Section 1029(a)(3), to wit, the defendants did unlawfully attempt to skim and to therefore possess 15 or more ATM and bank customer account numbers and PIN information, which information can be used alone, or in conjunction with another access device, to obtain money, goods, services or anything of value.

In violation of Title 18, United States Code, Section 1029(b)(1).

## FORFEITURE ALLEGATIONS

1. The grand jury realleges and incorporates by reference the allegations contained in Counts One, Two, Three and Four of this Indictment for the purpose of alleging criminal forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1), 1029(c)(1)(C), and 1029(b)(1).

2. As a result of the commission of the violations charged in Counts One, Two, Three and Four, the defendants, MIHAIL ISPER and COSTEL LEON IVANCENCO, did generate currency, currency equivalents, and bank account balances constituting the gross proceeds of such violations, thereby subjecting such property to forfeiture pursuant to 18 U.S.C. Section 982(a)(1)(B).

3. If through any act or omission by the defendants, MIHAIL ISPER and COSTEL LEON IVANCENCO, any or all of the property described in paragraph 2 above (hereinafter the "Subject Properties")

   a. Cannot be located upon the exercise of due diligence;
   b. Has been transferred, sold to, or deposited with a third person;
   c. Has been placed beyond the jurisdiction of the Court;
   d. Has been substantially diminished in value, or
   e. Has been commingled with other property which cannot be subdivided without difficulty,

the United States intends to seek forfeiture of any other property of the defendants up to the value of the Subject Properties forfeitable above pursuant to Title 18, United States Code, Sections 1029(c)(2) and 982(b)(1).

A True Bill,

_____
FOREPERSON

_____
DAVID J. HICKTON
United States Attorney
PA ID No. 34524